## United States District Court

**FILED**
NOV 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__NORTHERN__ DISTRICT OF __CALIFORNIA__

UNITED STATES OF AMERICA

V.

**ROBERTO IMSON LAMMATAO**
a/k/a Roberto Kimson Yoshida

Venue: SAN FRANCISCO

**CRIMINAL COMPLAINT**

☐ ORIGINAL

CASE NUMBER: 3-07 7069

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __November 17, 2006__ in __San Mateo County__, in the __Northern District__ of __California,__ defendant willfully and knowingly made a false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws, in violation of Title __18__ United States Code, Section __1542__.

I further state that I am a __Special Agent of the Diplomatic Security Service__ and that this complaint is based on the following facts:

**See attached Affidavit in Support of Criminal Complaint**

Maximum Penalties:
Title 18 USC Section 1542:
10 years of imprisonment; $250,000 fine; 3 years of supervised release; and $100 special assessment fee

APPROVED AS TO FORM: _____
                    Wendy Thomas, SAUSA

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Warrant of Arrest Requested:    ☒ Yes ☐ No
       Bail Amount: __N/A__

_____
Signature of Complainant, Michael Suau

Sworn to before me and subscribed in my presence,

November 20, 2007                    at __San Francisco, California__
Date                                 City and State

**Bernard Zimmerman**
**United States Magistrate Judge**
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

UNITED STATES DISTRICT COURT            )
                                        ) ss. AFFIDAVIT
NORTHERN DISTRICT OF CALIFORNIA         )


AFFIDAVIT IN SUPPORT OF A CRIMINAL
COMPLAINT CHARGING
ROBERTO IMSON LAMMATAO, a/k/a ROBERTO KIMSON YOSHIDA,
WITH VIOLATING 18 U.S.C. § 1542,
FALSE STATEMENT IN APPLICATION AND USE OF PASSPORT


I, Michael Suau, do swear and affirm as follows:

**Purpose**

This affidavit establishes probable cause to arrest ROBERTO IMSON LAMMATAO for False Statement in Application and Use of a Passport, in violation of 18 U.S.C. § 1542. ROBERTO IMSON LAMMATAO is alleged to have applied for a United States passport in the false name of ROBERTO KIMSON YOSHIDA. This affidavit does not contain every fact, piece of information or evidence concerning this alleged violation.

**Affiant Background**

I am a Special Agent employed by the United States Department of State, Diplomatic Security Service ("DSS"). DSS Special Agents are empowered under Title 22 U.S.C. § 2709 to investigate passport fraud and to apply for and serve warrants. I have a bachelor's degree and a Juris Doctorate from the University of Florida, and I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program as well as the Diplomatic Security Service's Basic Special Agency Course. I have received and receive on an ongoing basis, training in the laws, rules and regulations concerning passports.

**Relevant Statute**

The Passport Act of 1926, as amended, was in full force and effect throughout the period of this investigation. This Act, codified in 22 U.S.C. § 211a, authorized the United States Secretary of State to grant and issue United States passports under rules prescribed by the President and/or other federal laws. Some of these rules are that a person wanting a United States passport must complete and submit an application to the State Department and must submit proof of American citizenship, usually a birth certificate, and proof of identity, usually a driver's license, with their application. Another rule allows officers at United States Post Offices to accept passport applications, and to then forward them to the State Department for processing.

Title 18 U.S.C. § 1542 states, in pertinent part, "Whoever willfully and knowingly makes any false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for their own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws...shall be fined under this title...or imprisoned not more than 10 years...or both." Title 18 U.S.C. § 3291 provides for a ten year statute of limitations for passport offenses.

**Case Facts and Evidence**

1. On or about November 17, 2006, Roberto LAMMATAO ("LAMMATAO") executed a DS-82, Application for a U.S. Passport by Mail in Daly City, California, which was subsequently processed at the National Passport Center in Portsmouth, New Hampshire. LAMMATAO listed his name in the passport application as Roberto Kimson YOSHIDA. As proof of citizenship and identity, LAMMATAO enclosed a previous United States passport No.155318144, which bore the name Roberto Kimson YOSHIDA. LAMMATAO previously applied for a passport in this identity in 1985 and 1996, and ultimately had passports issued in the name of Roberto Kimson YOSHIDA. The previous passport applications bore the photograph of LAMMATAO, who claimed to be Roberto Kimson YOSHIDA.

2. Special Agent Jonathan Poole ("SA Poole") reviewed Immigration records which showed Carolina Novicio ("Novicio") married Roberto Imson LAMMATAO on July 28, 1971 in Makati, Philippines. Shortly after entering the U.S. illegally, she divorced Roberto LAMMATAO on June 8, 1985 in Nevada. On October 15, 1987, she remarried LAMMATAO after LAMMATAO had assumed the name YOSHIDA in California. Aside from the obvious similarities in the names, YOSHIDA (D.O.B. 11/4/49) was allegedly born on the same day two years later from LAMMATAO (D.O.B. 11/4/47).

3. The 1987 marriage certificate for this union lists Roberto Kimson YOSHIDA's parents as Ildefonso Yoshida and Simplicio Kimson. This is in direct contradiction with the Roberto Kimson YOSHIDA's original 1985 passport application, which lists his parents as Eduardo Dayao Yoshida and Felecitas Santos Kimson. Any trace of any of these alleged parents in the U.S cannot be found. In a statement taken from LAMMATAO on July 17, 2007, he admitted that he forgot the original names of his false parents and had to create new ones.

4. Records reflect that Novicio had a child on May 13, 1988 named Joel Novicio Lammatao, well after her 1985 divorce from LAMMATAO and 1987 marriage with YOSHIDA. The father's name listed on Joel Novicio Lammatao's birth certificate is Roberto Imson LAMMATAO. Joel Novicio Lammatao's three passport applications all list his father as Roberto LAMMATAO, born 11/4/47 in the Philippines. In a statement taken from LAMMATAO on July 17, 2007, LAMMATAO admitted he named his son, Joel, after his true family name out of pride.

5. SA Poole examined a copy of a certified letter from the Guam Department of Public Health and Social Services, in which Registrar Carolyn Garrido stated that no birth record could be located under the name Roberto YOSHIDA for the years 1947, 1948, or 1949. Garrido also stated that the extensive searches for Eduardo Dayao Yoshida or and Felecitas (/Felicita) Santos Kimson (/Kinson), YOSHIDA's supposed parents, did not find any birth records. In other words, no birth records for YOSHIDA or YOSHIDA's alleged parents could be found that corresponds to the information on the 1985 passport application submitted in the name YOSHIDA.

6. SA Poole reviewed immigration records which contain a tip letter which states that Roberto Yoshida is actually Roberto LAMMATAO. SA Poole interviewed the individual who wrote this letter and obtained a sworn statement from the individual which supports the claim that YOSHIDA and LAMMATAO are the same individual.

7. SA Poole also reviewed immigration records which contain a 1985 divorce decree between Roberto LAMMATAO and Carolina Novicio. These records disclose intent by Lammatao to reside in Nevada permanently, and require him to pay child support as well as establish visitation rights. Your affiant conducted extensive records checks and could not find any trace of Roberto LAMMATAO's identity in the U.S. after this time.

8. On July 17, 2007, your affiant and SA Mike Diamond ("SA Diamond") interviewed LAMMATAO at a Securitas (the company where LAMMATAO was then employed) Guard Booth directly adjacent to a Sharper Image at 345 Spear St. #118, San Francisco. LAMMATAO initially claimed to be Roberto Kimson Yoshida, born in Guam on 11/4/49. He further stated his parents were Ildefonso Yoshida and Felicia Kimson, born in the Philippines, that he could not recall his grandparents' names, that he mailed his passport renewal application from his house in Daly City, California, that he was a U.S. citizen and did not have any dual citizenship, that he had two stepchildren and one biological child named Joel Lammatao.

9. After agents questioned his identity, LAMMATAO stated he had adopted the new identity in order to help his family. He stated his true name was Roberto Imson Lammatao, and he was born in Zumboanga, Philippines on 11/4/47. He stated his parents were Idelfonso Dayao Lammatao and Simplicia Impson from Pateros, Philippines. He stated he had forgotten the names of his false parents, so he used different false parents on his passport application and marriage certificate. He entered the U.S. through Los Angeles, California, in the 1980's on a visa and stayed after it expired. He stated that he named his son Joel for his true name out of pride, even though it was years after his alleged divorce.

10. LAMMATAO stated he saw an ad in a Philippines newspaper about becoming a U.S. Citizen, and that he paid $800 for a class on how to enter the U.S. on false documents and was given a false birth certificate. He admitted that the 1985, 1996, and 2006 DS-11 applications, photos and signatures were all his.

**Conclusion**

I respectfully submit that the above presented facts establish probable cause to believe that ROBERTO IMSON LAMMATAO, did possess a United States Passport issued under the false name ROBERTO KIMSON YOSHIDA when he submitted it with another application for a United States Passport by mail in Daly City, California, in violation of Title 18, United States Code, Section 1542, False Statement in Application and Use of Passport, while in the Northern District of California.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Michael Suau
Diplomatic Security Service
U.S. Dept. of State

SUBSCRIBED AND SWORN BEFORE ME
On November 20, 2007

The Honorable Bernard Zimmerman
U.S. Magistrate Judge
Northern District of California

4